NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REGINALD LEWIS,<br><br>        Petitioner,<br><br>   v.<br><br>CONNER BLAINE, Superintendent,<br>SCI-Greene; JEFFREY H. BEARD,<br>Commissioner, Pennsylvania<br>Department of Corrections;<br>I.V. DiMARTINO, Judge,<br>Superior Court of New Jersey;<br>SUPERIOR COURT OF NEW JERSEY,<br>LAW DIVISION: CAMDEN COUNTY;<br>DAVID SAMSON, Attorney General<br>of New Jersey; and LEONARD<br>BAKER, Esquire,<br><br>        Respondents. | HON. JEROME B. SIMANDLE<br><br>Civil Action<br>No. 02-1162 (JBS)<br><br>**OPINION** |

APPEARANCES:

David A. Ruhnke, Esq.
RUHNKE & BARRETT
47 Park Street
Montclair, NJ 07042
        and
Matthew C. Lawry, Esquire
Defender Association of Philadelphia
Federal Court Division
Curtis Center Building, Suite 545 West
Independence Square West
Philadelphia, PA  19106
    Attorneys for Plaintiff/Petitioner

Peter C. Harvey
Attorney General of New Jersey
By: Matthew Sapienza, Deputy Attorney General
Division of Law
25 Market Street
P.O. Box 112
Trenton, NJ 08625
    Attorney for Defendants/Respondents

**SIMANDLE,** District Judge:

With the nationwide installation of the Case Management/Electronic Case Filing ("CM/ECF") system in the federal courts -- which occurred in this district on January 1, 2004 -- tasks such as filing motions, orders, and opinions and sending notices between the court and counsel occur electronically.  While this has generally been viewed as effective, efficient and less prone to error than the traditional paper-and-postage based system, important communications can be overlooked with sometimes dreadful consequences.  This case represents such a circumstance, in which the Court's final opinion and order were duly docketed and transmitted electronically to counsel on July 12, 2004, but not detected and examined by counsel until more than nine months later, by which time the 30-day period for filing an appeal under Rule 4(a)(1)(A), Fed. R. App. P., had lapsed.  This opinion examines whether relief is available to reopen the time for filing an appeal under Rule 60(b), Fed. R. Civ. P.

This matter is before the Court upon the motion by Petitioner Reginald Lewis for relief from the Judgment and Order of July 12, 2004 pursuant to Rule 60(b), Fed R. Civ. P. (the "Motion").  For the reasons set forth below, this Court finds that the relief sought – reopening the period for appeal - is barred under Fed. R. App. P. 4(a)(6).  Therefore, Petitioner's

Motion must be denied.

**I.    BACKGROUND**

On March 18, 2002, Reginald Lewis ("Petitioner") filed with this Court a Petition for a Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief Pursuant to 42 U.S.C. §1983, seeking federal review of the validity of his 1977 New Jersey convictions.[1]  (Petitioner's Motion for Relief from Judgment ¶ 1.)  On his petition, Petitioner was represented by Matthew Lawry, Esq. and David Ruhnke, Esq.  (Id. ¶ 3.) Mr. Ruhnke is listed on the docket as the "Lead Attorney" and "Attorney to be Noticed."  (Id.)  Mr. Ruhnke is a member of the bar of this Court who registered as an "e-filer" when the CM/ECF program began in 2004.  Mr. Lawry, on the other hand, was admitted pro hac vice solely for this case.  All notices are sent only to local counsel - Mr. Ruhnke - pursuant L. Civ. R. 101.1(c)(4).

On July 12, 2004, this Court issued an Opinion and Order denying Petitioner's petition.  Lewis v. Blaine, No. 02-1162, Slip Op. (July 12, 2004)(the "July 2004 Order"). On the same dated, the Clerk transmitted electronic notice of same to Mr. Ruhnke.  On March 28, 2005, Mr. Ruhnke and Lawry were notified of this Court's July 2004 Order by another of Petitioner's attorneys

---

[1]  Petitioner is currently on Death Row at the State Correctional Institution at Graterford, Pennsylvania.

(who was representing Petitioner in a separate matter).[2] (Pet.'s Motion ¶ 6.)

On April 22, 2005, some 284 days after the July 2004 Order was issued and 25 days after his counsel first learned of the July 2004 Order, Petitioner, through his attorneys Ruhnke and Lawry, filed this motion for relief from the July 2004 Order pursuant to Rule 60(b).  In affidavits attached to this motion, Lawry and Ruhnke claim that (1) neither was notified by the Court of the July 2004 Order and (2) March 28, 2005 was the earliest date which they became aware that the July 2004 Order had been issued. (Affidavit of David A. Ruhnke, Exhibit B to Pet.'s Mot. and Affidavit of Matthew Lawry, Exhibit C to Pet.'s Mot.)

After receiving Petitioner's Motion, and having concerns that the District Court's electronic notification system may not have functioned properly in this case, this Court requested that the District Court's automation staff review the electronic records to determine whether notice of the July 2004 Order was sent. (See Letter from the undersigned, dated May 2, 2005.) The staff informed the Court that, on July 12, 2004, a Deputy Clerk

---

[2] Ruhnke and Lawry have stated that Mary Hanssens, Esq., who is not an attorney of record in Petitioner's habeas corpus action but is representing Petitioner in his capital case in Pennsylvania and is a colleague of Mr. Lawry, discovered this Court's July 2004 Order while checking the website of the U.S. District Court for the District of New Jersey "because of the length of time that had elapsed with no notice of activity." (Pet.'s Motion at 6.)

for the District Court "queued up" this Court's July 12, 2004 Opinion and Order for electronic service on Mr. Ruhnke's office at davidruhnke@ruhnkeandbarrett.com. (Id.)  An examination of the Clerk of Court's external logs indicated that Mr. Ruhnke's e-mail account received the document on July 12, 2004 at 4:11 p.m. and got a "free look"[3] at the Opinion and Order and that the document was viewed. Because Mr. Ruhnke's account was the only e-filer on this case's docket, his is the only account that would be entitled to the "free look" at that time.  On May 2, 2005, this Court then sent all counsel a letter informing them of the results of the Court's investigation into its electronic notification system and inviting Mr. Ruhnke to search his e-mail file for that date, including the electronic archive, to ascertain whether the July 2004 Order was received on July 12, 2004. (Id.)  The Court believes Mr. Ruhnke's statement that he personally did not recall seeing the documents when they were transmitted to his office computer.

Mr. Ruhnke replied to this Court's letter stating that, due to technical limitations, it was not possible for him "to verify one way or another to any degree of certainty" whether he

---

[3] A "free look" means that the designated lead counsel who is an "e-filer" can open the document and download it free of charge once in the first 15 days after it was transmitted.  After the first free look, a nominal fee is required under the PACER system of access to the court's docket.  After the free look period expires, the Clerk's notice of electronic filing remains in the receiving attorney's email file unless and until deleted.

5

received electronic notification of the July 2004 Order.  (Letter from David A. Ruhnke, dated May 13, 2005.)  Mr. Ruhnke's letter went on to state that, while he could not "discount the possibility that the notification was received and accidently deleted," he had no recollection of ever receiving the notice or viewing at the July 2004 Order. (Id.)  The Court believes Mr. Ruhnke's statement that he personally did not recall seeing the documents when they were transmitted to his office computer.

On May 17, 2005, Respondents timely filed their opposition to Petitioner's Motion.

**II.   DISCUSSION**

A.   Petitioner's Argument

Relying on Rule 60(b), Petitioner seeks an order that will vacate the July 2004 Order denying his habeas corpus claim and asks the court to re-enter the judgment so as to allow Petitioner to exercise his right to appeal this Court's decision by filing a timely notice of appeal.  Petitioner argues that Rule 60(b) allows a district court to grant relief from a final judgment or order in five enumerated circumstances and for "any other reason justifying relief from the operation of the judgment." (Pet.'s Motion ¶ 7 citing Fed R. Civ. P. 60(b).)  Petitioner argues that relief under Rule 60(b) is "available to revive a lost right of appeal under certain circumstances" in the Third Circuit. (Id. ¶ 9.) In support of its position, Petitioner cites Burkett v.

Cunningham, 826 F.2d 1208, 1211 (3d Cir. 1987), a case in which the Third Circuit held that, when the clerk sent notice of a judgment to the wrong address despite of the fact that the Petitioner had notified the court of his change of address, a district court may vacate and reenter the judgment under Rule 60(b). (Id. ¶ 9.)  Petitioner also cites a number of other cases in support of the position that a district court may vacate and re-enter a judgment upon a Rule 60(b) motion in situations "where it is necessary to achieve justice."[4]  (Id. ¶ 10.)  Petitioner continues by arguing that (1) because the Court mailed its earlier opinion and order in this case (decided November 21, 2002)[5] to Petitioner's counsel, counsel expected that Petitioner or his counsel would be notified of the final judgment in the same manner," (2) vacating and re-entering the judgment in order to allow time to appeal would not prejudice the opposing party, and (3) "[i]t does not serve the interest of justice for Petitioner to lose his appellate rights because counsel was not checking the docket every week, when he had been promptly notified of prior activity." (Id. ¶ 11, 12.)

---

[4] Specifically, Petitioner cites Expeditions Unlimited Aquatic Enters., Inc., v. Smithsonian Inst., 500 F.2d 808, 810 (D.C. Cir. 1974); Bloise v. Friday, 612 F.2d 938 (5th Cir. 1980); and Rogers v. Watt, 722 F.2d 456 (9th Cir. 1983).

[5] This Court filed an Opinion and Order dismissing Petitioner/Plaintiff's claims under 42 U.S.C. § 1983 on November 21, 2002, copies of which were sent by mail, predating the advent of CM/ECF in this district.

B.    Use of Rule 60(b) to Reopen Time to Appeal

Federal Rule of Civil Procedure 60(b) gives the district court, on a motion, the authority to "relieve a party from a final judgment, order or proceeding" for a number of reasons. Fed. R. Civ. P. 60(b).  Pursuant to Rule 60(b)(1) and (6),[6] the court may relieve a party from a final judgment or order for mistake, inadvertence, surprise or excusable neglect or for "any other reason justifying relief from the operation of the judgment."  Such a motion for relief from a judgment, order or proceeding must be made in a timely manner[7] and "does not affect the finality of a judgment or suspend its operation."  Fed. R. Civ. P. 60(b).

A district court's decision regarding a motion for relief from a judgment and order under Rule 60(b) when brought, as here, for no purpose but to induce the district court to vacate and re-enter the underlying judgment and thereby "re-start" the time for

---

[6] Rule 60 reads, in part:

> (b) **Mistakes; Inadvertence; Excusable Neglect;** . . . On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . .(6) any other reason justifying relief from the operations of the judgment.

[7] All motions under Fed. R. Civ. P. 60(b) must be made "within a reasonable time, and for reasons [under 60(b)(1)], not more than one year after the judgment, order or proceeding was entered or taken."

8

a party to appeal, does not occur in a vacuum.  Rather, the district court must consider the impact that relief under Rule 60(b) would have on other procedural rules such as Fed. R. App. P. 4(a)(6) and Fed. R. Civ. P. 77(d).  Rule 4(a)(6) prescribes strict time limits for reopening the time for filing a notice of appeal after entry of a final judgment or order by the district court.  Fed. R. App. P. 4(a)(6).

At the time this motion was filed, Rule 4(a)(6), Fed. R. App. P., provided as follows:

> <u>Reopening the Time to File an Appeal</u>. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied:
>
> (A)  the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
>
> (B)  the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days of the entry; and
>
> (C)  the court finds that no party would be prejudiced.

This rule, enacted in 1991, thus permitted reopening of the time to appeal when the party did not receive notice of the entry of the judgment or received it too late to timely appeal, provided that the party files its motion within 180 days of the entry of the judgment, or within 7 days of receipt of notice of such entry, whichever is earlier.  Advisory Comm. Note (1991

Amendment.) Rule 4(a)(6) was amended effective December 1, 2005.[8]

Generally, notice of an appeal must be filed within 30 days after the judgment or order being appealed is entered. Fed. R. App. P. 4(a)(1)(A). Although the district court clerk's office is obligated to serve parties with notice of judgments and orders, "lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a

---

[8] Subsequent to the filing of this motion, Fed. R. App. P. 4(a)(6) was clarified by amendment effective December 1, 2005 to state:

> <u>Reopening the Time to File an Appeal</u>. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if <u>all</u> of the following conditions are satisfied:
>
> (A)  the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of a judgment or order sought to be appealed within 21 days after entry;
>
> (B)  the motion is filed <u>within 180 days</u> after the judgment or order is entered <u>or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier</u>;
>
> (C)  the court finds that no party would be prejudiced.

(emphasis added). On December 1, 2005, Rule 4(a)(6) was amended to specify more clearly what type of "notice" of entry of a judgment or order precludes a party from later moving to reopen the time to appeal and to address confusion about what type of "notice" triggers the 7-day period to bring a motion to reopen. See Fed. R. App. P. 4(a)(6) advisory committee notes to December 1, 2005 amendment. In accordance with 28 U.S.C. §2074(a) and the April 25, 2005 order of the Supreme Court of the United States, the pertinent amendment will govern all pending actions "insofar as just and practicable." The December 1, 2005 amendment, if applied here, would not alter the analysis or the result that the present motion is barred by the 180-day limitation.

party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Fed. R. Civ. P. 77(d). The Clerk's service of final orders, among other documents, is governed by Rule 5(b)(2)(D), Fed. R. Civ. P., which permits delivering a copy by electronic means to the attorney, stating further: "Service by electronic means is complete on transmission." Thus, when the Clerk electronically transmits a document to an e-filing attorney, the service of that document is complete. The rule further provides, however, that "[s]ervice by electronic means under Rule 5(b)(2)(D) is not effective if the party making service learns that the attempted service did not reach the person to be served." Rule 5(b)(3), Fed. R. Civ. P.

Prior to 1991, neither the Federal Rules of Civil Procedure nor the Federal Rules of Appellate Procedure contained provisions permitting an extension of the time limit for filing an appeal when a party entitled to receive notice of the entry of judgment or order fails to receive such notice. In 1991, however, Federal Rule of Appellate Procedure 4(a) was amended to include subsection (6) that, by providing a limited opportunity to reopen the time to appeal, "balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgements." Vencor Hosp., Inc. v. Standard Life and Accident Insur. Co., 279

F.3d 1306, 1310 (11th Cir. 2002).  The extension of the time to appeal permitted under Rule 4(a)(6) is not unlimited -- a litigant must file its motion for relief within 180 days of entry of the judgment or order.  Fed. R. App. P. 4(a)(6)(A)(1991); the same remains true after the December 1, 2005 amendment reconfiguring this limitation in Rule 4(a)(6)(B), see Fed R. App. P. 4(a) advisory committee notes for December 1, 2005 amendment (even in cases "in which a party was not notified of a judgment or order by either the clerk or another party within 21 days of entry...an appeal cannot be brought more than 180 days after entry, no matter what the circumstances")(emphasis added).

   A number of courts have addressed the issue of whether, after the 1991 amendment adopting Rule 4(a)(6), a litigant, as Petitioner attempts to do here, can use a motion under Fed. R. Civ. P. 60(b) to circumvent the time limits to appeal placed on parties under Fed. R. App. P. 4(a)(6).  Virtually every circuit that has addressed this issue has deemed this practice impermissible.[9]  See 16A Charles Alan Wright & Arthur R. Miller,

---

[9] See e.g., Vencor Hosp., Inc., 279 F.3d at 1311 ("Rule 4(a)(6) provides the exclusive method of extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered...[and the Court] conclude[s] that Federal Rule of Civil Procedure 60(b) cannot be used to circumvent the 180-day limitation set forth in Rule 4(a)(6)"); Clark v. Lavallie, 204 F.3d 1038, 1041 (10th 2000)("the specificity of Fed. R. App. P. 4(a)(6) and [Fed. R. Civ. P.] 77(d) precludes the use of Fed. R. Civ. P. 60(b)(6) to cure problems of lack of notice."); Zimmer St. Louis, Inc. v. Zimmer Co., 32 F.3d 357, 360 (8th Cir. 1994); Mitchell v. Burt Vetterlein & Bushnell, PC, 197

Federal Practice and Procedure § 3950.6 ("Rule 4(a)(6) provides the exclusive means for extending appeal time for failure to learn that judgment has been entered...[o]nce the 180-day period has expired, a district court cannot rely on the one-time practice of vacating the judgment and reentering the same judgement in order to create a new appeal period.") The Eighth Circuit has gone so far as to hold that Rule 4(a)(6) "was designed to respond to the circumstances that had prompted courts to use Fed. R. Civ. P. 60(b)(6) to circumvent the deadlines of Fed. R. App. P. 4(a)(5)."  Zimmer, 32 F.3d a 360.

Since the 1991 amendment creating Rule 4(a)(6), the Third Circuit has not decided a case directly on the issue of a litigant's attempts to use Rule 60(b) for no other purpose other than to induce the district court to vacate and re-enter the underlying judgment and thereby "restart" the time to appeal. The Third Circuit has held, however, that "Rule 60(b) is not a substitute for an appeal" and explained that "were the rule otherwise, the time limitations on appeal set by Fed. R. App. P. 4(a)...would be vitiated." James v. Virgin Islands Water and Power Auth., 119 Fed Appx. 397 (3d Cir. 2005), quoting Page v. Schweiker, 786 F.2d 150, 155 & n. 3 (3d Cir. 1986).  The holdings from the Eighth, Tenth, Eleventh and Ninth Circuits that a Rule 60(b) motion cannot be used to circumvent the time constraints of

---

F.3d 1005 (9th Cir. 1999).

Rule 4(a) regarding the time to file an appeal are also consistent with Third Circuit precedent decided prior to the 1991 amendments to the Federal Rule of Appellate Procedure (adding Rule 4(a)(6)).  Specifically, in West v. Keve, 721 F.2d 91, 97 (3d Cir. 1983), the Third Circuit held that Rule 4(a), being more specific to the appellate process than Rule 60(b), should control the timing of the filing of appeals, especially in view of the fact that allowing the use of Rule 60(b) to circumvent the constraints of Rule 4(a) could have the effects of nullifying portions of Rule 4(a) altogether. "Because the avowed purpose of Rule 60(b) motion in this case was to extend the time for appeal, it had to meet the time limitations of Rule 4(a)." Id; see also Hall v. Community Mental Health Center of Beaver County, 772 F.2d 42, 43 (3d Cir. 1985)("lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a).")

  C. Application to Petitioner's Motion for Relief From Judgement and Order Pursuant to Rule 60(b)

Petitioner claims that neither he nor his counsel received actual notice of this Court's July 2004 Order until March 28, 2005 - over eight months after the decision was entered on the docket and sent to Mr. Ruhnke's email account.  As such, Petitioner failed to appeal the July 2004 Order within the 30-day period set forth in Fed. R. App. P. 4(a).  Unfortunately for

14

Petitioner, the 180-day deadline for seeking to reopen its time to appeal pursuant to Rule 4(a)(6) -- which specifically addresses situations where a party did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the judgment or order sought to be appealed -- has also passed. See Fed. R. App. P. 4(a)(6).  Although Petitioner may have been able to satisfy the other elements of Rule 4(a)(6), namely that he did not receive notice of the judgment or order and that no party would be prejudiced by allowing the appeal, Petitioner is not able to satisfy all of the elements of Rule 4(a)(6) because more than 180 days had elapsed since the July 2004 order was entered.[10]  The 180-day time limit under Rule 4(a)(6)(B) "establishes an outer time limit" after which all appeals under this rule fail.  Fed. R. App. P. 4 advisory committee's notes to 1991 amendment quoted in Marcangelo v. Boardwalk Regency, 47 F.3d 88 (3d Cir. 1995).

---

[10] Plaintiff's motion is premised on the fact that his counsel did not receive an electronic notice of the Court's July 2004 Order (a fact that was rebutted by the Court's own records which show both transmission and receipt).  However, in denying Petitioner's motion, this Court need not make a determination whether Petitioner's counsel, Mr. Ruhnke, actually received the electronic notice of this Court's July 2004 Order sent by the Clerk.  The Court is prepared to credit Mr. Ruhnke's representation that he never received the Clerk's transmission, nor did he become aware of its contents, until March 28, 2005.  Unfortunately, Rule 4(a)(6), which is specifically tailored to situations where a moving party is not notified of the judgment, bars any motion to reopen the time to file an appeal if the motion is made more than 180 days after the judgment or order is entered.  Because Petitioner's motion was made long after the 180 day limit, it is irrelevant, for purposes of this decision, whether Mr. Ruhnke received notice of the July 2004 Order or not.

15

Petitioner did not file any motion based on the July 2004 Order until 284 days after the order was entered.

Unable to seek an extension of time to appeal under Appellate Rule 4(a)(6), Petitioner filed a motion for relief from the order pursuant to Civil Rule 60(b).  In contrast to Petitioner's arguments, a Civil Rule 60(b) motion may not be used to circumvent restrictions in Appellate Rule 4(a). See Vencor Hospital, Inc., 279 F.3d at 1311, Clark, 207 F.3d at 1041; see e.g., Hall, 772 F.2d at 43-44; West, 721 F.2d at 96.  Rather, the use of a Rule 60(b) motion brought for no purpose but to induce the district court to vacate and re-enter the underlying judgment and thereby "re-start" the time to appeal has been described as "a ploy...clearly forbidden in all circuits save, perhaps the Sixth." 16A Wright & Miller, Federal Practice and Procedure § 3950.3 (2005).  To permit an extension of time to appeal beyond the 180 day limit set forth in Rule 4(a)(6) would effectively thwart the purpose of the 1991 amendment to Rule 4(a).

Further, we note that Petitioner's citation of Burkett v. Cunningham, 826 F.2d at 1211, in support of its position that Rule 60(b) is available for a district court to revive lost rights to appeal is unpersuasive. Burkett was decided prior to the addition of part (6) to Rule 4(a) - a rule that was amended to respond to courts using Rule 60(b) to circumvent the deadlines of Rule 4(a).  See Zimmer, 32 F.3d at 360.  Further, Burkett can

16

be clearly distinguished from the present case. In <u>Burkett</u>, the court based its use of Rule 60(b) to vacate, then reenter a judgment in order to allow the litigant to appeal after notice of the judgment was sent to the wrong address on the fact that the moving party was a <u>pro se</u> prisoner who (1) was "exceptionally diligent" in notifying the court of three address changes and (2) relied on the court notifying him of a decision after the clerk told petitioner that he would be "apprised of any decision." <u>Id</u>. Here, Petitioner's counsel have been informed of this Court's July 2004 decision not through their own investigation, but through an attorney not involved in the case, almost eight and one-half months after the decision was entered on the docket. Upon learning of the July 2004 decision in March of 2005, over three more weeks elapsed before filing the present Motion. Moreover, unlike in <u>Burkett</u>, this Court undertook no "affirmative action" akin to the clerk's action in <u>Burkett</u> of telling the litigant that the court would keep him apprised of any decision. Instead, counsel for Petitioner relied on this Court mailing them notice of the Court's decision -- a practice that became out-dated (as the District of New Jersey has moved to electronic filing and notification and Mr. Ruhnke is an "e-filer" in the District's electronic filing system) but, as the advisory committee notes to Rule 77(d) make clear: "Notification by the clerk is merely for the convenience of litigants...[a]nd lack of

17

such notification in itself has no effect upon the time to appeal....") Fed. R. Civ. P. 77(d) advisory committee notes to 1964 amendment.  Second, all of the cases Petitioner relies on in support for his position that other circuits have held that Civil Rule 60(b) relief is available were decided prior to the 1991 amendment to Appellate Rule 4(a) and are likely to no longer be good law.[11]

Having found that (1) Petitioner has failed to file a notice of appeal within 180 days of entry of the July 2004 Order as required by Rule 4(a)(6) for a moving party that was not notified of the order and (2) that Petitioner's attempt to use a motion under Rule 60(b) to circumvent the time restraints imposed by Rule 4(a)(6) is impermissible under well-settled precedent, this Court denies Petitioner's motion for relief from the July 2004 Order.  In doing so, this Court reiterates that it need not determine (1) whether Petitioner's counsel, Mr. Ruhnke, actually received electronic notice of this Court's July 2004 Order, or (2) whether either party would be prejudiced by allowing

---

[11] Specifically, Rogers v. Watt has been reversed by Mitchell v. Burt Vetterlein & Bushnell, PC, 197 F.3d 1005 (9th Cir. 1999) and Bloise v. Friday, according to the case of U.S. v. Fernandez, has been superceded by the amendment to Rule 4(a). See 2000 U.S. Dist. LEXIS 6637 (D. Kan. Mar. 8, 2000.)  In addition, the holding in the case of Expeditions Unlimited Aquatic Enters., Inc. cited by Petitioner was expressly rejected by the Third Circuit in Hall.  772 F.2d at 46. (The holding in Expeditions Unlimited Aquatic Enters., Inc. was also rejected by courts in the Ninth, Fifth, and Second Circuits.)

18

Petitioner to file an appeal. Rule 4(a)(6) is as harsh as it is absolute, once the 180-day period has passed, and it compels this result.

### III. CONCLUSION

For the reasons discussed above, Petitioner's motion for relief from the Judgment and Order of July 12, 2004 pursuant to Rule 60(b) must be denied.  The accompanying Order will be entered.

                                      **s/ Jerome B. Simandle**
                                      JEROME B. SIMANDLE
                                      U.S. DISTRICT JUDGE